David Henretty, OSB 03187
dhenretty@oregonlawcenter.org
Tel:  (503) 473-8684
Spencer M. Neal, OSB 77286
spencerneal@justice.com
Tel:  (503) 473-8325
OREGON LAW CENTER
921 SW Washington Street, Suite 516
Portland, OR 97205
Fax:  (503) 295-0676

   Of Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **MARIA MIRANDA- OLIVARES**,<br><br>   Plaintiff,<br><br>vs.<br><br>**CLACKAMAS COUNTY**, and<br>**CRAIG ROBERTS**, sheriff of<br>Clackamas County, in his official<br>capacity,<br><br>   Defendants. | Civil No.<br><br>COMPLAINT<br><br>(Civil Rights: Unlawful Seizure,<br>Due Process, False Imprisonment)<br><br>42 U.S.C. § 1983 |

## I.  JURISDICTION

1.   Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 1343, and Article III of the United States Constitution, as plaintiff seeks redress of deprivations to her civil rights secured by the United States Constitution.

2.   Pursuant to 28 USC § 1367, this court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## II. PARTIES

3.   Plaintiff is a resident of Oregon.

4.   Defendant Clackamas County ("Defendant County") is a municipality and political subdivision of the State of Oregon.

5.   Defendant Craig Roberts is the sheriff of Clackamas County ("Defendant Sheriff").

## III. FACTUAL ALLEGATIONS

6.   Defendant County operates the Clackamas County Jail in Clackamas County, Oregon.

7.   Defendant Sheriff has custody and control of all persons confined in the Clackamas County and is responsible for the day-to-day operations of the Clackamas County Jail.

8.   On or about March 14, 2012, plaintiff was lodged in the Clackamas County Jail based on a probable cause arrest.

9.   On or about March 15, 2012, the U.S. Department of Homeland Security (DHS) lodged an immigration detainer (Form I-247) relating to plaintiff with the Clackamas County Jail.

10. The immigration detainer indicated that DHS had initiated an investigation to determine whether plaintiff was subject to removal from the United States and requested that the Clackamas County Jail maintain custody of plaintiff "for a period not to exceed 48 hours,

excluding Saturdays, Sundays, and holidays, beyond the time when the [plaintiff] would have otherwise been released from your custody" to allow DHS to take custody of plaintiff.

11. On or about March 15, 2012, plaintiff was charged with two counts of Contempt of Court (Or. Rev. Stat. § 33.065) and the court set plaintiff's bail at $5,000.

12. While in defendants' custody, plaintiff inquired on more than one occasion about pre-trial release by posting bail, as set by the trial court. She was told by Clackamas County Jail authorities that, even if she did post bail, she would not be released because of the immigration detainer.

13. On or about March 29, 2012, plaintiff resolved her criminal matter.

14. Defendants continued to maintain custody of plaintiff solely based on the immigration detainer until March 30, 2012.

15. Defendants confined plaintiff from March 14, 2012 to March 30, 2012.

16. Defendants intended to confine plaintiff during her incarceration at the Clackamas County Jail in March 2012.

17. Plaintiff was aware of her confinement at the Clackamas County Jail in March 2012.

18. During the course of her incarceration, defendants did not provide plaintiff any opportunity to challenge her continued detention based solely on the immigration detainer.

19. Defendants have a policy, practice, or custom of denying inmates the opportunity to be released by posting bail solely due to the existence of an immigration detainer, notwithstanding that bail had been set by the state trial court.

20. Defendants have a policy, practice, or custom of detaining inmates, solely due to the existence of an immigration detainer, who would otherwise be released because their criminal matter has been resolved and they are entitled to release.

21. Because of defendants' unlawful actions, plaintiff has suffered loss of liberty, loss of enjoyment of life, humiliation, mental suffering, emotional distress, stress, and other non-economic losses in an amount to be determined at the time of trial.

## IV. CLAIMS FOR RELIEF

### First Claim – Fourteenth Amendment (Due Process): 42 U.S.C. §1983

22. Without any basis in state law defendants denied plaintiff the opportunity to be released by posting bail, thus depriving plaintiff of her liberty without the due process of law.

### Second Claim -- Fourth Amendment (Unlawful Seizure):  42 U.S.C. §1983

23. Defendants continued to detain plaintiff without any basis in state law after her criminal matter had been resolved and solely on the basis of the immigration detainer, thus depriving her of her liberty.

### Third Claim – False Imprisonment (Oregon common law)

24. Defendants imprisoned plaintiff without legal authority and in violation of Oregon law.

## V.  PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court grant her the following relief:

1.  On her first claim, her compensatory damages in an amount to be determined at the time of trial;

2.  On her second claim, her compensatory damages in an amount to be determined at the time of trial;

3.  On her third claim, her non-economic losses in an amount to be determined at the time of trial;

4.  Her costs and attorney fees pursuant to 42 U.S.C. § 1988; and

5.  Such other and further relief as this Court deems just and proper.


DATED this 21st day of December, 2012.

OREGON LAW CENTER

  s/ David Henretty
David Henretty, OSB 03187
(503) 473-8684
Of Attorneys for Plaintiff