David Henretty, OSB 03187
dhenretty@oregonlawcenter.org
Tel: (503) 473-8684
Spencer M. Neal, OSB 77286
spencerneal@justice.com
Tel: (503) 473-8325
OREGON LAW CENTER
921 SW Washington Street, Suite 516
Portland, OR 97205
Fax: (503) 295-0676

    Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARIA MIRANDA- OLIVARES**, | Civil No. 3:12−cv−02317−ST |
| Plaintiff, | |
| vs. | FIRST AMENDED COMPLAINT |
| **CLACKAMAS COUNTY**, | (Civil Rights: Unlawful Seizure, Due Process, False Imprisonment) |
| Defendant. | 42 U.S.C. § 1983 |

I. JURISDICTION

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 1343, and Article III of the United States Constitution, as plaintiff seeks redress of deprivations to her civil rights secured by the United States Constitution.

Page 1 - FIRST AMENDED COMPLAINT

2. Pursuant to 28 USC § 1367, this court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## II. PARTIES

3. Plaintiff is a resident of Oregon.

4. Defendant Clackamas County is a municipality and political subdivision of the State of Oregon.

## III. FACTUAL ALLEGATIONS

5. Defendant operates the Clackamas County Jail in Clackamas County, Oregon.

6. Defendant has custody and control of all persons confined in the Clackamas County Jail and is responsible for the day-to-day operations of the Clackamas County Jail.

7. On or about March 14, 2012, plaintiff was lodged in the Clackamas County Jail based on a probable cause arrest.

8. On or about March 15, 2012, the U.S. Department of Homeland Security (DHS) lodged an immigration detainer (Form I-247) relating to plaintiff with the Clackamas County Jail.

9. The immigration detainer indicated that DHS had initiated an investigation to determine whether plaintiff was subject to removal from the United States and requested that the Clackamas County Jail maintain custody of plaintiff "for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays, beyond the time when the [plaintiff] would have otherwise been released from your custody" to allow DHS to take custody of plaintiff.

10. On or about March 15, 2012, plaintiff was charged with two counts of Contempt of Court (Or. Rev. Stat. § 33.065) and the court set plaintiff's bail at $5,000.

11. While in defendant's custody, plaintiff inquired on more than one occasion about pre-trial

release by posting bail, as set by the trial court. She was told by Clackamas County Jail authorities that, even if she did post bail, she would not be released because of the immigration detainer.

12. On or about March 29, 2012, plaintiff resolved her criminal matter.

13. Defendant continued to maintain custody of plaintiff solely based on the immigration detainer until March 30, 2012.

14. Defendant confined plaintiff from March 14, 2012 to March 30, 2012.

15. Defendant intended to confine plaintiff during her incarceration at the Clackamas County Jail in March 2012.

16. Plaintiff was aware of her confinement at the Clackamas County Jail in March 2012.

17. During the course of her incarceration, defendant did not provide plaintiff any opportunity to challenge her continued detention based solely on the immigration detainer.

18. Defendant has a policy, practice, or custom of denying inmates the opportunity to be released by posting bail solely due to the existence of an immigration detainer, notwithstanding that bail had been set by the state trial court.

19. Defendant has a policy, practice, or custom of detaining inmates, solely due to the existence of an immigration detainer, who would otherwise be released because their criminal matter has been resolved and they are entitled to release.

20. Because of defendant's unlawful actions, plaintiff has suffered loss of liberty, loss of enjoyment of life, humiliation, mental suffering, emotional distress, stress, and other non-economic losses in an amount to be determined at the time of trial.

IV. CLAIMS FOR RELIEF

First Claim – Fourteenth Amendment (Due Process): 42 U.S.C. §1983

21. Without any basis in state law defendant denied plaintiff the opportunity to be released by posting bail solely due to the existence of an immigration detainer, thus depriving plaintiff of her liberty without the due process of law.

Second Claim -- Fourth Amendment (Unlawful Seizure):  42 U.S.C. §1983

22. Defendant continued to detain plaintiff without any basis in state law after her criminal matter had been resolved and solely on the basis of the immigration detainer, thus depriving her of her liberty.

Third Claim – False Imprisonment (Oregon common law)

23. Defendant imprisoned plaintiff without legal authority and in violation of Oregon law.

V.  PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court grant her the following relief:

1. On her first claim, her compensatory damages in an amount to be determined at the time of trial;

2. On her second claim, her compensatory damages in an amount to be determined at the time of trial;

3. On her third claim, her non-economic losses in an amount to be determined at the time of trial;

4. Her costs and attorney fees pursuant to 42 U.S.C. § 1988; and

/ / / /


/ / / /

5. Such other and further relief as this Court deems just and proper.

DATED this 1st day of March, 2013.

                                                OREGON LAW CENTER

                                                s/David Henretty
                                                David Henretty, OSB 03187
                                                (503) 473-8684
                                                Of Attorneys for Plaintiff