**BENJAMIN W. HAILE**, OSB #040660
ben@portlandlawcollective.com
**FRANCIE NEVILL**, OSB# 124054
Portland Law Collective, LLP
1130 SW Morrison St, Suite 407
Portland, OR 97205
Telephone: (503) 228-1889
Facsimile: (503) 223-4518
Attorneys for the Plaintiff

    and

**Stephen L. Madkour**, OSB No. 941091
Clackamas County Counsel
smadkour@clackamas.us
**Scott C. Ciecko**, OSB No. 045587
Assistant County Counsel
sciecko@clackamas.us
Office of Clackamas County Counsel
2051 Kaen Road
Oregon City, OR 97045-1819
Phone: 503-655-8362
Fax: 503-742-5397
Of Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| MARIA MIRANDA-OLIVARES,<br><br>    Plaintiff,<br><br>  vs.<br><br>CLACKAMAS COUNTY,<br><br>    Defendant. | Case No. 3:12-CV-02317-ST<br><br>JOINT STATEMENT OF TRIABLE ISSUES |

/ / /

/ / /

Page 1 – JOINT STATEMENT OF TRIABLE ISSUES

I.  **Introduction**

This case involves the detention of the Plaintiff, Maria Miranda-Olivares, in the Clackamas County Jail based on a federal immigration detainer (Form I-247) issued by the United States Immigration and Customs Enforcement (ICE). By keeping Ms. Miranda-Olivares in custody based on that ICE detainer, Clackamas County (the County) violated her right to be free from unreasonable seizure under the Fourth Amendment. Opinion and Order (ECF #42 at 19-21). The Plaintiff contends that the unreasonable seizure began when she would have been released on bail and continues through the period after she was entitled to release following resolution of charges. Alternatively, the Defendant asserts that the unreasonable seizure includes full amount of time that Clackamas County held Ms. Miranda-Olivares in custody based on the ICE detainer. The primary issue at trial will be the amount of damages for the period of unlawful detention. In determining damages the jury will also need to determine the duration of the unlawful detention.

On March 14, 2012, Miranda-Olivares was arrested for violating a domestic violence restraining order and booked into the Jail. Ms. Miranda-Olivares does not challenge the lawfulness of that arrest. Ms. Miranda-Olivares was arraigned the next day. The court set bail at $5000 on March 15, 2012 at approximately 3:07 pm. Ms. Miranda-Olivares would have had to pay $500 to be released. The Plaintiff contends that on March 15, 2012 at approximately 6 pm, Ms. Miranda-Olivares and her family were prepared to post bail, but did not do so because County employees told them that doing so would be futile. The Plaintiff contends that the County employees said that the County would continue to detain Ms. Miranda-Olivares even if she posted bail because ICE had

requested an immigration hold. The Defendant maintains that neither the Plaintiff or her family were told she could not post bail, but were only told that if they chose to post bail the Plaintiff would remain in custody pursuant to the terms of ICE detainer. Neither Ms. Miranda-Olivares nor her family posted bail. On March 29, 2012 at approximately 1:30 pm, Ms. Miranda-Olivares resolved her State charges and any basis for detention on those charges ended. The County continued to detain her. On March 30, 2012 at approximately 8:30 am Ms. Miranda-Olivares was released to ICE custody pursuant to the County's interpretation of the detainer*.

The Plaintiff will argue that the Defendants are responsible for any and all injuries to the Plaintiff caused by its actions, even though, due to her prior mental health conditions or infirmity, the injuries to the Plaintiff may have been greater than they would have been to another person. The Defendant will argue that the unlawful portion of the Plaintiff's confinement at the Clackamas County Jail caused little, if any, physical or emotional injury to the Plaintiff.

II.  **Duration of Unconstitutional Detention**

The Defendant does not dispute that the family of Ms. Miranda-Olivares had the means to post bail for Ms. Miranda-Olivares. The Plaintiff will present evidence as to when a family member would have posted bail and that the reason they did not do so is that they had been told repeatedly by County employees that Ms. Miranda-Olivares would remain in custody regardless of whether anyone posted bail. The Defendants will present evidence that Ms. Miranda-Olivares and her family were free to post bail at any point after it was set, however, the Defendants would have imposed the ICE detainer if

bail had been posted* and, as a result, the Defendant would have held Ms. Miranda-Olivares for up to 48 additional hours to allow ICE the opportunity to take her into custody*.

The end of the period of unlawful detention is undisputed. The County held Ms. Miranda-Olivares in pretrial detention until approximately 1:30 pm on March 29, 2012 when the court sentenced her to 48 hours in jail with credit for time served. Thereafter, the County held her for an additional 19 hours pursuant to its interpretation of the ICE detainer, until the County released her to ICE custody* on March 30, 2012 at approximately 8:30 am. Although the date and time that the plaintiff was actually released from the Clackamas County Jail is not disputed, the defendants will argue that the plaintiff should in no case be awarded damages for unlawful incarceration of more than 48-hours, because that is the duration provided in the ICE detainer and that is the instrument pursuant to which the County continued to detain the plaintiff.

The Plaintiff was held in ICE custody for approximately three months. The Plaintiff contends that the ICE detention was the direct result of the County's unlawful detention of Ms. Miranda-Olivares, and that the Defendant is thus responsible for all the damages she sustained while in ICE custody. If the court decides that the plaintiff cannot claim these damages, the Plaintiff contends that all evidence of events after the Defendant released Ms. Miranda-Olivares is irrelevant and prejudicial. The Defendant asserts that such evidence is relevant to the issue of damages to the extent that it demonstrates the unlawful portion of the plaintiff's confinement at the Clackamas County Jail represents only part of a longer period of continuous confinement to which the plaintiff was subject.

### III.  Damages for Unconstitutional Detention

The second issue for trial is the damages suffered by Ms. Miranda-Olivares during the period of unconstitutional confinement. The plaintiff will present evidence of damages including but not limited to:

1. Fear, anxiety, frustration, depression, insomnia, humiliation, physical discomfort, and loneliness resulting from being confined within the jail, and further for being on suicide watch for much of the period;

2. Depression due to an interruption in her ability to take anti-depressant medication until March 17, 2012.*

3. Illness, pain, and emotional distress due to being unable to access adequate treatment for a urinary tract infection;*

4. Illness, pain, and emotional distress due to being unable to access adequate treatment for a vaginal infection;*

5. Anxiety about difficulty in maintaining custody of her children created by incarceration;*

6. Fear, anxiety, frustration, depression, insomnia, humiliation, physical discomfort, and loneliness resulting from being confined within the ICE detention for approximately three months.*

The Defendant will present evidence on the issue of damages that includes but is not limited to:

1. The mental and emotional distress that Ms. Miranda-Olivares was experiencing while she was in the Clackamas County Jail was not a result of the portion of her

incarceration that was unlawful;

2. Some or all of the mental and emotional distress that Ms. Miranda-Olivares was experiencing while she was in the Clackamas County Jail existed prior to her arrest and incarceration and was unrelated to her time in the Clackamas County Jail;

3. During her time in the Clackamas County Jail Ms. Miranda-Olivares received regular visits from mental health professionals who monitored her and worked to ensure her well-being.

\* Indicates the relevance and/or admissibility of the evidence or argument is disputed amongst the parties.

DATED, this ___ day of March, 2015.

|  | STEPHEN L. MADKOUR<br>CLACKAMAS COUNTY COUNSEL |
|---|---|
| /s/ Benjamin Haile | /s/ Scott Ciecko |
| _____ | _____ |
| PORTLAND LAW COLLECTIVE LLP<br>Benjamin Haile, OSB #04066<br>Attorney for Maria Miranda-Olivares | Scott C. Ciecko, OSB No. 045587<br>Assistant County Counsel<br>E-mail: sciecko@clackamas.us<br>Stephen L. Madkour, OSB No. 941091<br>E-mail: smadkour@clackamas.us<br>Of Attorneys for Defendant |

Page 6 – JOINT STATEMENT OF TRIABLE ISSUES